In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, etc., for an Order to Take Over the Property and to Liquidate the STATE TITLE AND MORTGAGE COMPANY.

In the Matter of AVENUE CONSTRUCTION CORPORATION, Petitioner, for Leave to Sue and for an Injunction Restraining Transfer, etc., and Voting of 12,740 Shares of Preferred Stock of AVENUE CONSTRUCTION CORPORATION, and for Cancellation Thereof, or, in the Alternative, for a Lien Thereon for an Unpaid Indebtedness in the Amount of $126,000.

Supreme Court, Additional Special Term, New York County, December 4, 1935.

*Satterlee & Canfield*, for the petitioner, for the motion.

*Harry Rodwin* [*Jess H. Rosenberg* and *Vivienne M. Camps* counsel], for the Superintendent of Insurance, as liquidator of t State Title and Mortgage Company, opposed.

FRANKENTHALER, J. Under the provisions of the contrac April 6, 1931, as the court construes it, there appears to be no for petitioner's claim that the stock was not to be delivered all payments required by the contract had been made to peti At most, the latter possesses a claim for damages for the fai pay the balance of $126,000. The claim of *ultra vires* seem without merit in view of the fact that petitioner owned stock of the corporation which received title to the prope in view of the further fact that petitioner is seeking to executed transaction.

Moreover, under the provisions of paragraph 4 of the the payments therein referred to were to become due onl mailing of a written call therefor by the president of tracting corporation," and then only if they were " r it to meet its expenses in carrying out its corporate No allegation is made in the petition that a proper $126,000 claimed to be due was ever made or that th necessary to meet the corporate expenses. Although t is specifically pointed out in the answering affidavit, affidavit submitted by petitioner fails to supply the de

The present motion for leave to sue the Superintendent of Insurance as liquidator and for temporary injunctive relief is accordingly denied, but without prejudice to the filing of a claim in the liquidation proceedings for damages for breach of contract.